# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES L ORRINGTON, II, D.D.S., P.C., ) <br> on behalf of himself and ) <br> the class members defined herein, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SCION DENTAL, INC., and ) <br> JOHN DOES 1-10, ) <br> ) <br> Defendants. ) | Case No. 17-CV-00884 <br><br> Hon. Amy J. St. Eve | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On February 2, 2017, Plaintiff James Orrington ("Orrington") brought the present Complaint against Scion Dental, Inc. ("Scion") and John Does 1-10, collectively "Defendants," alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Illinois Consumer Fraud Act 815 ILCS 505/2 ("ICFA"), and Illinois common law. Before the Court is Scion's motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Scion's motion without prejudice.

## BACKGROUND

Scion is a Delaware corporation that maintains its principal office in Menomonee Falls, Wisconsin. (R. 1, Compl. ¶ 4.) Scion's registered agent and office is Registered Agent Solutions, Inc., of Madison, Wisconsin. (*Id.*) John Does 1-10 are natural or artificial persons that were involved in the sending of the facsimile ("fax") advertisements described below. (*Id.* ¶ 5.) Plaintiff is a dental office located in the Northern District of Illinois, where it maintains telephone fax equipment. (*Id.* ¶ 3.)

On July 7, 2016, Plaintiff received an unsolicited fax message on its fax machine inviting Plaintiff to attend an online webinar. (*Id.* ¶ 9; Ex. A, Fax Message.) Plaintiff alleges that Scion is responsible for sending or causing the sending of the fax. (Compl. ¶ 11.) According to Plaintiff, Scion's products and services were advertised in the fax and as such, Scion derived the economic benefit from the sending of the fax. (*Id.* ¶ 12.) Plaintiff claims that Scion was seeking to recruit dentists to enter into business relationships, and Scion either negligently or willfully violated Plaintiff's rights by sending the fax message. (*Id*. ¶¶ 12-13.) Plaintiff had no prior relationship with Scion and had not authorized the sending of fax advertisements to Plaintiff. (*Id*. ¶ 15.) Plaintiff alleges on information and belief that Scion sent the generic fax as part of a mass broadcasting of faxes to at least 40 other persons in Illinois. (*Id.* ¶¶ 16, 19.) The fax does not contain an "opt-out" notice that complies with the TCPA. (*Id.* ¶ 17.)

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

In determining the sufficiency of a complaint under the plausibility standard, courts must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). When ruling on motions to dismiss, courts may also consider documents attached to the pleadings without converting the motion to dismiss into a motion summary judgment, as long as the documents are referred to in the complaint and central to the plaintiff's claims. *See Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014); Fed. R. Civ. P. 10(c). Because Plaintiff attaches a photocopy of the fax message to the Complaint and this document is central to its claim, the Court may consider this attachment in ruling on the present motion.

## ANALYSIS

Plaintiff alleges that Scion's unsolicited fax violated the TCPA, which prohibits any person from sending unsolicited fax advertisements, unless one of several exceptions applies. *Fulton Dental, LLC v. Bisco, Inc.*, No. 16-3574, 2017 WL 2641124, at *1 (7th Cir. June 20, 2017). A sender is excluded from the prohibition against unsolicited fax advertisements if the sender has an established business relationship with the recipient or if the sender obtained the fax number from the recipient or from a public directory. *Id.*; *see also* 47 U.S.C. § 227(b)(1)(C). Even these permitted faxes must include an opt-out notice in clear and conspicuous language. *Fulton*, 2017 WL 2641124, at *1; *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 683 (7th Cir. 2013) ("the fax must tell the recipient how to stop receiving future messages") (citing 47 U.S.C. § 227(b)(1)(C)(iii), (2)(D)). Here, Scion argues that the Court should dismiss Plaintiff's TCPA claims because Plaintiff has failed to adequately allege that (1) the fax was unsolicited and (2) the fax was an advertisement. The Court addresses each argument in turn.

3

**I.    Plaintiff Adequately Alleged That The Fax Was Unsolicited**

Scion first argues that the Court should dismiss Plaintiff's TCPA claims because Plaintiff fails to adequately allege that the fax message was "unsolicited." Scion notes that United Healthcare, another company, is also listed on the fax and argues that Plaintiff's failure to mention United Healthcare in its Complaint indicates that it is possible that Plaintiff gave United Healthcare consent to send it faxes. Scion concedes that the fax did not contain an opt-out notice, but argues that the TCPA no longer requires opt-out notices on faxes that have been sent with prior consent due to a recent decision from the D.C. Court of Appeals. *Bais Yaakov of Spring Valley v. Fed. Commc'ns Comm'n*, 852 F.3d 1078, 1083 (D.C. Cir. 2017) (holding that the Federal Communications Commission's ("FCC")[1] rule requiring opt-out notices on solicited faxes is unlawful).

Contrary to Scion's position, its concession that the fax did not include an opt-out notice is dispositive on this issue because under binding Seventh Circuit precedent, opt-out notices are still required under the TCPA, even for solicited faxes. The Seventh Circuit has explicitly held, relying on the TCPA itself and not the FCC rules, that "[e]ven when the Act permits fax ads—as it does to persons who have consented to receive them, or to those who have established business relations with the sender—the fax must tell the recipient how to stop receiving future messages." *Turza*, 728 F.3d at 683 (citing 47 U.S.C. § 227(b)(1)(C)(iii), (2)(D)). *Turza* is binding precedent on this Court, and accordingly, Plaintiff has adequately alleged that the fax was unsolicited. *See Physicians Healthsource, Inc. v. Allscripts Health Sols., Inc.*, No. 12 C 3233, 2017 WL 2391751, at *2–3 (N.D. Ill. June 2, 2017) ("Given the vertical hierarchy of the federal courts, we are bound

---

[1] The FCC regulations are relevant because section 227(b)(2) of the TCPA gives the FCC authority to issue regulations implementing the statute. *Turza*, 728 F.3d at 687.

to follow *Turza* and are not at liberty to opt for *Bais Yaakov*.")[2]

## II.    Plaintiff Failed to Allege That The Fax Was An Advertisement

Scion next argues that Plaintiff has failed to sufficiently allege that the fax, which offers a free training webinar regarding United Healthcare's web portal to dental providers in United Healthcare's network, was an advertisement under the TCPA.

The TCPA defines an "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. § 227(a)(5). "Congress has not spoken directly on the issue of whether an advertisement for free services can be unsolicited advertisements under the TCPA." *GM Sign, Inc. v. MFG.com, Inc.*, No. 08 C 7106, 2009 WL 1137751, at *2 (N.D. Ill. Apr. 24, 2009). Thus, courts within this district have accepted the FCC's construction of the statute, which provides that faxes "that promote goods or services even at no cost, such as free magazine subscriptions, catalogs, or free consultations or seminars, are unsolicited advertisements under the TCPA's definition." *Id.* (quoting *In re Rules and Reg. Implementing the Tel. Consumer Prot. Act of 1991 and the Junk Fax Prevention Act of 2005,* 21 F.C.C.R. 3787, 3814 (Apr. 6, 2006)). Although the FCC's rules "could be read to categorize all faxes promoting free seminars as unsolicited advertisements," courts typically require plaintiffs to show that the fax has a commercial pretext—i.e., "that the defendant advertised, or planned to advertise, its products or services at the seminar." *Bais Yaakov of Spring Valley v. Richmond, the Am. Int'l Univ. in London, Inc.,* No. 13–CV–4564 CS, 2014 WL 4626230, at *3 (S.D.N.Y. Sept. 16, 2014) (citing *N. Suburban Chiropractic Clinic, Ltd. v. Merck & Co.,* No. 13–CV–3113, 2013 WL 5170754, at *3 (N.D. Ill. Sept. 13, 2013).

---

[2] Because the fax's lack of an opt-out notice dooms Scion's argument that Plaintiff may have solicited the fax, the Court need not address Scion's argument regarding United Healthcare.

Thus, courts in this district have found that faxes promoting seminars or webinars are advertisements if they have a commercial pretext. In *N. Suburban Chiropractic Clinic, Ltd. v. Merck & Co.*, No. 13 C 3113, 2013 WL 5170754, at *1-2 (N.D. Ill. Sept. 13, 2013), for example, this Court considered whether a fax that the defendant, a prescription drug company, sent to the plaintiff inviting recipients to a medical webinar for health care professionals was an advertisement. The Court concluded that the fax was an advertisement even though it did not explicitly mention any of the defendant's commercial products or express the defendant's intent to market such products because the plaintiff alleged that the defendant "use[d] the fax advertisements and the seminars as part of its work or operations to market its goods and services." *Id.* at *4. The Court reasoned that the fax directed recipients to the defendant's corporate website to register for the seminar and emphasized that the fax stated that registration for the seminar required the recipient to agree that the defendant could contact them regarding "product information, site enhancements, special offers, [and] educational opportunities" among other things. *Id.* As a result, the Court found that the fax "may have been a pretext to market its goods and services," which was sufficient to state a TCPA claim.

Similarly, in *Physicians Healthsource, Inc. v. Alma Lasers, Inc.*, No. 12 C 4978, 2012 WL 4120506, at *2 (N.D. Ill. Sept. 18, 2012), the court denied the defendant's motion to dismiss a TCPA claim regarding a fax promoting a free seminar on various medical aesthetics techniques. The court found that it was "plausible that Alma promoted its products and services by holding a free seminar" because the plaintiff alleged that the fax was part of the defendant's "work or operations to market [its] goods or services" and because the fax required recipients to register on its website or by phone. *Id. See also Mussat v. Power Liens, LLC*, No. 13-CV-7853, 2014 WL 3610991, at *2 (N.D. Ill. July 21, 2014) (finding fax promoting seminar regarding

6

company's services was advertisement because plaintiff alleged it was "part of a marketing campaign to sign up physicians for a preferred listing on defendant's website in exchange for a monthly fee"); *Sadowski v. OCO Biomedical, Inc.*, No. 08 C 3225, 2008 WL 5082992, at *2 (N.D. Ill. Nov. 25, 2008) (finding fax was unsolicited advertisement where it promoted a training seminar for which dentists could pay $295 to participate).

In contrast, courts have found that faxes inviting recipients to free seminars offering information about the defendants' services are not advertisements as long as they do not promote or sell those services. In *Phillip Long Dang, D.C., P.C. v. XLHealth Corp.*, No. 109-CV-1076-RWS, 2011 WL 553826, at *4 (N.D. Ga. Feb. 7, 2011), for example, the court found that the defendant PPO's fax alerting non-PPO-participating recipients to a free seminar in which they could learn about the defendants' billing processes was not an advertisement under the TCPA. The court explained that the fax was not promoting defendants' services or seeking to sell insurance to the recipients and was instead seeking merely to inform the recipient about the defendants' payment processes. *Id.*

Similarly, in *Physicians HealthSource, Inc. v. MultiPlan Servs., Corp.*, No. CIV.A. 12-11693-GAO, 2013 WL 5299134, at *2 (D. Mass. Sept. 18, 2013), the court dismissed the plaintiff's TCPA claim for failure to sufficiently allege that the defendant PPO's fax to a doctor who was already a PPO member was an advertisement. The court explained that the text of the fax did not "purport to sell [ ] goods or services" and instead provided information concerning services already available to the recipient of the fax. *Id.* The court noted the plaintiff failed to plead any facts to support that the fax was "anything other than a transactional communication" sent to update the PPO member on the services and features available to him. *Id.* Accordingly, "based on the four corners" of the fax, the court found that it could not be construed as a "pretext

to advertise commercial products or services. *Id.* Likewise, in *Phillips Randolph Enters., LLC. v. Adler–Weiner Research Chi., Inc.*, 526 F. Supp. 2d 851, 852–53 (N.D. Ill. 2007), the court found that a fax inviting recipients to participate in "a research discussion on the topic of a new HEALTHCARE PROGRAM sponsored by The Chicagoland Chamber of Commerce" and instructed interested recipients to "call to see if you qualify" was not an advertisement or a pretext to an advertisement. The court reasoned that the plaintiff had not alleged "that the fax was a pretext to an advertisement" and emphasized that fax recipients had to be "pre-screened" before participating in the program. *Id.* at 853.

Here, Plaintiff has failed to sufficiently allege that the fax at issue was an advertisement or a pretext for an advertisement. Unlike *Alma*, the fax at issue in this case did not direct recipients to register for the seminar on a corporate website, and it certainly did not require that the recipient to agree that the defendant could contact them regarding product information and special offers as in *Merck*. 2013 WL 5170754, at *4. In contrast, here, the fax on its face indicates that recipients did not "need to register in advance" and could simply join an online meeting discussing updates to the defendant's portal. (R. 1, Ex. A.) Additionally, unlike *Merck* and *Alma*, here, Plaintiff did not allege, nor does the fax itself indicate, that Scion was using the fax advertisement and the webinar in an effort to market its services or sell its goods. Plaintiff's conclusory allegation that Scion "derived economic benefit" from the fax is insufficient. (Compl. ¶ 12.) *See Sandusky Wellness Ctr., LLC v. Medco Health Sols., Inc.*, 788 F.3d 218, 225 (6th Cir. 2015) ("The fact that the sender might gain an ancillary, remote, and hypothetical economic benefit later on does not convert a noncommercial, informational communication into a commercial solicitation."); *Physicians Healthsource, Inc. v. Janssen Pharm., Inc.*, No. CIV.A. 12-2132 FLW, 2013 WL 486207, at *5 (D. N.J. Feb. 6, 2013) ("the inquiry under the TCPA is

8

whether the content of the message is commercial, not what predictions can be made about future economic benefits.")

In sum, Plaintiff's allegations and the fax itself fail to plausibly suggest that the fax was a pretext to an advertisement. Here, like in *Phillip Long* and *MultiPlan*, the fax on its face is not an overt advertisement—instead, it seeks to inform recipients about updates to Scion's services and processes via a free webinar that requires no registration. Like in *Multiplan*, Plaintiff has not alleged facts indicating that this fax was "anything other than a transactional communication" sent to update Scion's clients on the services and features available to him. 2013 WL 5299134, at *2. Plaintiff has not alleged that the fax was sent to potential new customers or clients or that the webinar was part of a plan to market or sell Scion's goods or services to new customers. Even accepting all the allegations as true and drawing reasonable inferences in Plaintiff's favor, Plaintiff has failed to allege a plausible claim.

Accordingly, the Court dismisses Plaintiff's TCPA claim without prejudice. Because the Court grants Scion's motion to dismiss Plaintiff's TCPA claim, the Court does not have subject matter jurisdiction, and thus declines to exercise its supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(c)(3).

## CONCLUSION

For these reasons, the Court grants Scion's Rule 12(b)(6) motion to dismiss.

**Dated:** July 6, 2017

            **ENTERED**

            */s/ Amy J. St. Eve*
            **AMY J. ST. EVE**
            **United States District Court Judge**